UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONDO SHANE KAI VALDEZ,<br><br>              Plaintiff,<br><br>   vs.<br><br>SGT. S. FLEENOR, *et al.*,<br><br>             Defendants. | NO.  CV-05-5056-FVS<br><br>ORDER CONDITIONALLY WITHDRAWING ORDER DISMISSING COMPLAINT WITH PREJUDICE AND GRANTING THIRTY DAY EXTENSION |

    By Order filed December 28, 2005, the court dismissed Mr. Valdez's complaint with prejudice for failure to state a claim upon which relief may be granted.  Plaintiff had failed to amend his complaint as directed and he had submitted nothing further since September 29, 2005.

    Following the entry of judgment, Mr. Valdez submitted a letter on January 10, 2006, asserting he had been denied his legal documents, including this court's address.  He apologized for the delay, stating he would have filed a motion for continuance, but had no address.

    Because Mr. Valdez is proceeding *pro se* the court will liberally construe the letter filed January 10, 2006, as a Motion for Reconsideration (Ct. Rec. 20).  In light of Plaintiff's assertion that he was denied the court's address when he requested it by means of a

ORDER CONDITIONALLY WITHDRAWING ORDER -- 1

kite at the Washington State Penitentiary, the court will conditionally withdraw the dismissal order and judgment dated December 28, 2005, and grant Mr. Valdez a further thirty (30) days to comply with the directive to either amend his complaint or to voluntarily dismiss.

In the letter received on January 10, 2006, Plaintiff appears to object to the court's "assumption that the mail was educational since it was from Wyoming School of Law." In his initial complaint, Mr. Valdez had specifically asserted he "correspond[s] with several legal organizations for educational purposes." He then described a single incident on May 10, 2005, when Defendant Fleenor wrote on an envelope from the University of Wyoming College of Law, Defender Aid Program, "sender does not qualify for the mail to be handled as legal." Plaintiff did not allege in his complaint that the envelope clearly indicated it was from a specific named attorney and/or an "Innocence Project."

In any event, although deliberate mishandling of mail may violate a prisoner's first amendment and due process rights, a single mistake or occasional incident of mishandling of mail does not state a claim under section 1983. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir.) cert. denied sub nom., Bensinger v. Bach, 418 U.S. 910 (1974). Additionally, a plaintiff must be able to show that he was injured by the denial of access to mail. See Morgan v. Montanye, 516 F.2d 1367, 1371 (2nd Cir. 1975), reh'g denied, 521 F.2d 693, cert. denied, 424 U.S. 973 (1976). Plaintiff has shown no injury.

ORDER CONDITIONALLY WITHDRAWING ORDER -- 2

Furthermore, the Supreme Court has held that a prisoner's freedom from censorship under the First Amendment's guarantee of free speech is not the equivalent of freedom from inspection or perusal. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). Indeed, that Court did not consider whether reading an inmate's mail despite his presence would violate his constitutional rights. In this instance, Plaintiff did not allege any items in his mail from the University of Wyoming were censored and denied to him. He did not allege facts from which the court could infer interference with an established attorney/client relationship in the context of Plaintiff's criminal conviction under the Sixth Amendment.

For the reasons set forth above, **IT IS ORDERED** the Motion for Reconsideration (Ct. Rec. 20) is **GRANTED.** The District Court Executive shall **WITHDRAW** the Order Dismissing Complaint With Prejudice (Ct. Rec. 18) and the Judgment (Ct. Rec. 19), entered December 28, 2005, on the **CONDITION** that Plaintiff file a Motion to Amend or Voluntarily Dismiss within **THIRTY (30) DAYS** of the date of this Order. PLAINTIFF IS ADVISED IF HE FAILS TO DO SO, THE COURT WILL IMMEDIATELY REINSTATE THE ORDER DISMISSING HIS CASE AND THE CORRESPONDING JUDGMENT.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Plaintiff, along with a form

//
//
//
//

ORDER CONDITIONALLY WITHDRAWING ORDER -- 3

1 | Motion to Voluntarily Dismiss and a copy of the Order filed September
2 | 8, 2005 (Ct. Rec. 13).
3 | **DATED** this __28th__ day of March, 2006.

                    s/Fred Van Sickle
                    ─────────────────
                    Fred Van Sickle
              United States District Judge

ORDER CONDITIONALLY WITHDRAWING ORDER -- 4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONDO SHANE KAI VALDEZ,<br><br>                Plaintiff,<br><br>    vs.<br><br>SGT. S. FLEENOR, JOHN MOORE, WASHINGTON STATE PENITENTIARY, DEPARTMENT OF CORRECTIONS,<br><br>                Defendants. | NO. CV-05-5056-FVS<br><br>MOTION TO VOLUNTARILY DISMISS COMPLAINT |

   Plaintiff MONDO SHANE KAI VALDEZ requests the court grant his Motion to Voluntarily Dismiss the Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure.  Plaintiff is proceeding *pro se*; Defendants have not been served in this action.

   **DATED** this_____day of _____ 2006.


   _____
                MONDO SHANE KAI VALDEZ

MOTION TO VOLUNTARILY DISMISS COMPLAINT -- 1